UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBBIN WHITELAW,

        Petitioner,

    -v-                                          04-CV-6570(MAT)
                                                    **ORDER**
ELIOT SPITZER, Attorney General
of the State of New York,

        Respondent.

---

## I.   Introduction

Petitioner Robbin Whitelaw, f/k/a Robbin Egan ("Whitelaw" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction on August 7, 2002 in Ontario County Court on three counts of Issuing a Bad Check in violation of N.Y. Penal Law §190.05.[1] Whitelaw was sentenced by the Honorable Craig J. Doran to a definite term of 90 days imprisonment on each count, to be served concurrently with each other and also with a term of imprisonment on an unrelated conviction.[2]

## II.   Factual Background and Procedural History

---

[1] This matter has been re-assigned to the undersigned.

[2] Under Indictment No. 02-01-32, the petitioner was convicted of Grand Larceny in the Fourth Degree and Petit Larceny. See, People v. Egan, 6 A.D.3d 1203 (4th Dept. 2004), lv. denied, 3 N.Y.3d 639 (2004). This unrelated indictment and subsequent conviction is the subject of a separate petition for a writ of habeas corpus. Egan v. Spitzer, W.D.N.Y., 04-CV-6544.

In September and October, 2001, the petitioner purchased merchandise from Raymour & Flannigan's, Kaufmann's, and Sears with checks drawn on a closed bank account. Based on these facts, Whitelaw was arrested and remained in custody for sixteen days prior to her release. The Ontario Grand Jury subsequently returned an indictment charging Whitelaw with one count of Scheme to Defraud in the First Degree (N.Y. Penal Law § 190.65), one count of Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30), and two counts of Petit Larceny (N.Y. Penal Law § 155.25). The petitioner pleaded guilty in accordance with a plea agreement between her attorney and the Ontario County District Attorney's Office. Pursuant to the agreement, the indictment was amended to a reduced charge of three counts of Issuing a Bad Check (a Class B Misdemeanor), in violation of N.Y. Penal Law § 190.05.

As part of the plea agreement, Whitehall would receive a sentence of 90 days incarceration for each charge, to be served concurrently with each other in addition to a jail sentence imposed on her on an unrelated conviction. The petitioner also stipulated that she waived her right to appeal the convictions.

Thereafter, Whitehall filed a Notice of Appeal. The Appellate Division, Fourth Department, affirmed the conviction. People v. Egan, 6 A.D.3d 1206 (4th Dept. 2004). Leave to appeal was denied by the New York Court of Appeals. People v. Egan, 3 N.Y.3d 639 (2004). This habeas petition followed, in which Whitelaw asserted

two bases for relief: (1) a denial of the right to a speedy trial under the Sixth Amendment; and (2) a violation of her Fifth Amendment rights due to a defective indictment. Petition ("Pet.") ¶ 12 (A)-(B) (Dkt. #1).

For the reasons that follow, this petition is denied.

## III. Discussion

### A. Speedy Trial

*In* "Ground one" of the petition, Whitelaw claims that she was denied her right to a speedy trial because she was incarcerated for 16 days after her arrest, and because the prosecution failed to announce its readiness for trial in a timely manner. Pet. ¶ 12(A). The Appellate Division, Fourth Department, held that the waiver of her right to appeal as part of her guilty plea was knowingly, intelligently, and voluntarily entered, and that her speedy trial claim was forfeited by the plea. People v. Egan, 6 A.D.3d 1206 (4th Dept. 2004). This Court agrees.

The Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). A plea agreement containing a waiver of appeal rights has the same effect. Parisi

v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (citing United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000)). Such waivers extend to speedy trial claims, in that the right to a speedy trial is "nonjurisdictional" Parisi, 529 F.3d at 138 (citing United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996)). As such, speedy trial claims can be waived by a guilty plea that does not include a court-approved reservation of the issue. United States v. LoFranco, 818 F.2d 276, 277 (2d Cir. 1987)(internal citations omitted).

To raise a constitutional claim despite a guilty plea, the petitioner may only attack the "voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not within the standards set forth in McMann v. Richardson." Tollett, 411 U.S. at 267 (1973) (citations omitted); see also United States v. Da Cai Chen, 127 F.3d 286, 289-90 (2d Cir. 1997) (waiver of appeal is enforced where it was knowingly and voluntarily made).

Whitelaw does not attack her guilty plea, and the record shows that the trial court conducted an extensive plea colloquy in which the petitioner explicitly waived her right to appeal, her right to a jury trial, and other constitutional guarantees. S. 11-13.[3] By pleading guilty to the charges of Issuing a Bad Check, Whitelaw waived her constitutional claim, for "a voluntary guilty plea

---

[3] Citations to "S.__" refer to the Plea/Sentencing Transcript.

4

entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him." United States ex rel. Glenn v. McMann, 349 F.2d 1018, 1019 (2d Cir. 1965)(internal citations omitted). As a result, habeas review of this claim is foreclosed.

### B. Defective Indictment as Amended

Whitelaw's second and final claim alleges that her guilty plea to the amended indictment violated her constitutional rights under the Fifth Amendment.[4] The petitioner's claim is based on the Grand Jury Clause of the United States Constitution. U.S. Const. amend. V. However, the Fifth Amendment right to a grand jury presentation in felony cases is not applicable to the states. Alexander v. Lousiana, 405 U.S. 625, 633 (1972). Once a state creates such a right, however, due process may prevent it from causing the right to be forfeited in an arbitrary or fundamentally unfair manner. Michael v. Dalsheim, No. 90-CV-2959, 1991 WL 99368, *10 (E.D.N.Y. May 21, 1991). The facts adduced by petitioner do not establish arbitrary or fundamentally unfair conduct. Accordingly, "any alleged impropriety in the amendment of the indictment is predicated on state law, and is therefore beyond this Court's

---

[4]As part of the negotiated plea bargain, the charges of Grand Larceny, Petit Larceny, and Scheme to Defraud were reduced to three counts of Issuing a Bad Check and the indictment was amended accordingly. The petitioner entered an Alford plea in satisfaction of the amended indictment. S. 6-9.

review." Rodriguez v. Senkowski, No. 92-CV-5484, 1995 WL 347024, *2 (E.D.N.Y. May 31, 1995).

**IV. Conclusion**

For the reasons stated, Whitelaw's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Whitelaw has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g. Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
  _____
   MICHAEL A. TELESCA
   United States District Judge

Dated:   July 16, 2009
         Rochester, New York